UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIE T. SMITH,

    Petitioner,                      2:06-cv-1246-RCJ-GWF

vs.

                                  **ORDER**

DWIGHT NEVENS, *et al.*,

    Respondents.

_____/

        This action is a petition for a writ of habeas corpus by Willie T. Smith, a Nevada prisoner. The action was initiated by petitioner, *pro se*, on October 4, 2006. The habeas petition was filed on September 28, 2007, after petitioner was granted *in forma pauperis* status (docket #12).

        On July 3, 2007, apparently unhappy with the Court's handling of this case in its early stages, petitioner filed a Notice of Appeal (docket #9). That interlocutory appeal has yet to be processed. Petitioner has been granted *in forma pauperis* status in the district court (docket #11); therefore, petitioner will be granted leave to proceed *in forma pauperis* on appeal, and he need not pay a filing fee for his appeal. *See* Fed. R. App. P. 24(a)(3). A certificate of appealability is not required, as the appeal is not from a final judgment. *See* 28 U.S.C. § 2253. The Court will, therefore, direct the Clerk's office to process petitioner's appeal.

On October 19, 2007, petitioner filed a Motion to Amend (docket #17), seeking leave of court to amend his habeas petition. However, petitioner did not attach to the motion a copy of the amended petition that he seeks to file. *See* LR 15-1 ("Unless otherwise permitted by the court, the moving party shall attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading."). Moreover, in the document he filed on October 31, 2007 (docket #18), petitioner states that he wishes to withdraw his motion for leave to amend. *See* Motion to Grant Petition for Writ of Habeas Corpus (docket #18), p. 2. The Court will, accordingly, deny petitioner's Motion to Amend.

On October 24, 2007, respondents filed a Motion to Dismiss (docket #15), arguing that all the claims in the habeas petition are unexhausted in state court, and that the case must, therefore, be dismissed.

On October 31, 2007, petitioner responded to the motion to dismiss in a document entitled "Motion to Grant Petition for Writ of Habeas Corpus" (docket #18). In that document petitioner opposes the motion to dismiss, and requests that his habeas petition be granted forthwith. Petitioner's motion for the Court to immediately grant him a writ of habeas corpus will be denied.

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

In the habeas petition in this case, petitioner states that he did not pursue a direct appeal to the Nevada Supreme Court, that he did not petition for habeas corpus relief in state court, and that none of the claims in his petition are exhausted in state court. *See* Petition for Writ of Habeas Corpus (docket #12). Therefore, the Court will grant respondents' motion to dismiss in part, in that the Court finds the habeas petition to be completely unexhausted. However, the Court will deny the motion to dismiss in part, in that the Court will not dismiss this action at this time.

It appears that more than a year has passed since petitioner's conviction became final. *See* Petition for Writ of Habeas Corpus. Consequently, if this action is dismissed – whether with or without prejudice – petitioner may well be barred by the applicable one-year statute of limitations from initiating a subsequent federal habeas petition. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker,* 533 U.S. 167 (2001) (statute of limitations not statutorily tolled during pendency of federal habeas action).

Under these circumstances, if petitioner wishes to exhaust his claims in state court so that he may thereafter pursue the claims in this Court, the Court will grant petitioner an opportunity to move for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines,* the Supreme Court placed limitations upon the discretion of district courts to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. In view of *Rhines*, if petitioner wishes to return to state court to exhaust his unexhausted claims, he must make a showing of good cause for his failure to exhaust his claims, and he must show that his claims are not plainly meritless. The Court will grant petitioner an opportunity to attempt to make that showing.

1    On April 10, 2008, petitioner filed a motion to dismiss (docket #19), stating that he
2 wishes to voluntarily dismiss this action, "on the ground of exhaustion." *See* Petitioner's Motion to
3 Dismiss (docket #19), p. 1. It appears from that document that petitioner may not understand the
4 ramifications of such a dismissal – he might not be able to initiate another federal habeas action on
5 account of the statute of limitations. Therefore, the Court will deny petitioner's motion to dismiss, so
6 that he may reconsider. The denial of that motion will be without prejudice to petitioner filing a new
7 motion to dismiss if, after reading this order, petitioner still wishes to dismiss this action.

8    **IT IS THEREFORE ORDERED** that petitioner is granted leave to proceed
9 *in forma pauperis* on appeal. Accordingly, petitioner shall not be required to pay the filing fee for his
10 appeal. **The Clerk shall process petitioner's interlocutory appeal (Notice of Appeal at docket #9).**

11    **IT IS FURTHER ORDERED** that petitioner's Motion to Amend (docket #17) is
12 **DENIED**.

13    **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (docket #15) is
14 **GRANTED IN PART AND DENIED IN PART**. The Court finds the habeas petition in this case to
15 be completely unexhausted in state court, but will grant petitioner an opportunity to move for a stay of
16 this action to allow him to exhaust his claims in state court.

17    **IT IS FURTHER ORDERED** that petitioner's Motion to Grant Petition for Writ of
18 Habeas Corpus (docket #18) is **DENIED**.

19    **IT IS FURTHER ORDERED** that petitioner's Motion to Dismiss (docket #19) is
20 **DENIED**.

21    **IT IS FURTHER ORDERED** that petitioner shall have until and including **June 6,**
22 **2008**, to do one of the following: (1) file and serve a Motion for a Stay, under *Rhines v. Weber*, 544
23 U.S. 269 (2005), as explained above, or (2) file and serve a new Motion to Dismiss, requesting that this
24 action be dismissed. If petitioner fails to file one or the other of such motions, within the time allowed,
25 this action will be dismissed.

26

1   **IT IS FURTHER ORDERED** that respondents shall have **30 days** to respond to any
2   motion filed by petitioner pursuant to this order, and petitioner shall thereafter have **30 days** to reply.

4   Dated this 18th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

26  (df-p6)