**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WILLIE T. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | 2:06-cv-1246-RCJ-GWF |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVENS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This action proceeds on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Willie T. Smith, a pro se Nevada prisoner. The matter is before the court on respondents motion to dismiss the petition on procedural default grounds (docket #37). The motion was filed more than one month ago and petitioner has failed to file his response or opposition despite being advised of the consequences of such action by Notice regarding the requirement of *Klinglele v. Eikenberry* and *Rand v. Rowland*, served on him on July 12, 2010. Neither has he contacted the court to obtain an extension of the time to file.

Petitioner raised three grounds for relief in his petition claiming ineffective assistance of appellate counsel and denial of counsel on direct appeal. The Nevada Supreme Court affirmed denial of the claims in state court on the basis that the claims were successive and untimely. Respondents' argue, therefore, that no relief is available from this court because the decision was based on adequate and independent state law bases. Petitioner has not opposed the motion or responded in any fashion.

Local Rules of Civil Procedure, Rule 7-2 provides that failure of a party to file points and authorities in opposition to a motion will be construed as a consent to the relief requested in the motion. Thus, the court determines that petitioner concedes the validity of the respondents' arguments and will grant the motion to dismiss the petition.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #37) is **granted**. The Petition is **dismissed with prejudice.**

The clerk shall enter judgment accordingly.

Dated this 24th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE