<pre>
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF NEVADA


WILLIE T. SMITH,                  )
                                  )
         Petitioner,              )     2:06-cv-1246-RCJ-GWF
                                  )
vs.                               )
                                  )     **ORDER**
DWIGHT NEVENS, *et al.*,          )
                                  )
         Respondents.             )
                                  )
_____ /
</pre>

This action proceeds on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Willie T. Smith, a pro se Nevada prisoner. The matter is before the court on respondents motion to dismiss the petition on procedural default grounds (docket #37). The motion was filed more than one month ago and petitioner has failed to file his response or opposition despite being advised of the consequences of such action by Notice regarding the requirement of *Klinglele v. Eikenberry* and *Rand v. Rowland*, served on him on July 12, 2010. Neither did he contacted the court to obtain an extension of the time to file. Based on petitioner's inaction, the petition was dismissed under the Local Rules of Procedure, Rule 7-2.

The petition was subject to dismissal because it raises claims that were procedurally defaulted in state court. In the state court, petitioner failed to make any showing as to good cause for the default or prejudice arising from his claims or the court's failure to address the claims on their

merits. Moreover, in this court he failed to even oppose the motion to dismiss on the basis of procedural default. Petitioner has not shown that his claims are meritorious.

Petitioner has filed a notice of appeal. However, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that no certificate of appealability shall issue from this Court.

Dated this 1st day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE

2